# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 3, 2014

## SONNY LYLES v. JERRY LESTER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6731      Joseph H. Walker, III, Judge**

---

**No. W2014-00392-CCA-R3-HC  - Filed September 16, 2014**

---

In 2011, the Petitioner, Sonny Lyles, pleaded guilty to multiple charges and received an effective sentence of twelve years and six months at 100%. In accordance with the plea agreement, this sentence was ordered to be served concurrently with a sentence in Arkansas. On February 18, 2014, the Petitioner filed a petition for habeas corpus relief in which he alleged that the 2011 judgments were void. He argued that because the state of Arkansas granted him an early release and he was transferred to Tennessee, his Tennessee sentence was now "consecutive" to his Arkansas sentence, which was not contemplated by the plea agreement. The habeas corpus court summarily dismissed the Petitioner's petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Sonny Lyles, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

#### A.  Procedural History

This case arises from the Petitioner's plea of guilty to several charges: one count of

aggravated robbery, one count of theft of property valued over $500, five counts of robbery, and three counts of aggravated robbery. In accordance with the plea agreement, the Petitioner was sentenced to twelve years and six months, as a violent offender, to be served at 100%, and his sentence was ordered to be served concurrently with an 150-month sentence in Arkansas. On March 22, 2013, the Petitioner received an early release from his Arkansas sentence.

The Petitioner filed a petition for habeas corpus relief, alleging that "once [he] was granted parole in Arkansas, the judgment entered by Tennessee was null and void, as so with concurrent sentences, release on one represents release on all." The trial court found:

> Concurrent means the sentences are served at the same time, not that the release eligibility dates are the same.
>
> . . . .
>
> The [P]etitioner's sentence has not expired, and the court had jurisdiction.
>
> . . . .
>
> It is therefore ORDERED that the petition is denied and dismissed.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence

that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

After our review of the record, we conclude that the trial court did not err when it summarily dismissed the Petitioner's petition. The fact that Arkansas granted the Petitioner an early release does not affect his sentence in Tennessee. The Petitioner understood that his sentence was to be served at 100%, meaning that, even if he were granted relief in any form from his Arkansas sentence, he would still be required to serve the twelve years and six months at 100%. The Petitioner has not proven that the judgment is void on its face or that his sentence is expired. He is not, therefore, entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

3